IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARMEN MARY RANGEL, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. H-08-2246 |
| | § | |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | § § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM AND ORDER

Pending before this Court are Plaintiff Carmen Mary Rangel's ("Rangel") Objections to the Magistrate Judge's Memorandum and Recommendation [Doc. #27]. Rangel challenges the findings and conclusions in the Memorandum and Recommendation [Doc. #24] entered by Magistrate Judge Calvin Botley on August 11, 2009, suggesting that Rangel's Motion for Summary Judgment [Doc. #17] be denied, and that Defendant Michael J. Astrue's, Commissioner of the Social Security Administration ("Commissioner"), Motion for Summary Judgment [Doc. #19] be granted.

Rangel's Objections are deemed timely filed. *See* 28 U.S.C. § 636(b)(1). The Court has reviewed the Memorandum and Recommendation and the Objections, as well as made a *de novo* review of the Memorandum and Recommendation and specified proposed findings or recommendations to which objection is made. *See* FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1);

*McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 925 F.2d 853, 855 (5th Cir. 1991).[1] The Court finds that the Memorandum and Recommendation should be adopted as this Court's Memorandum and Order. It is, therefore,

**ORDERED** that Rangel's Objections to the Magistrate Judge's Memorandum and Recommendation [Doc. #27] are **DENIED**. It is further

**ORDERED** that the Memorandum and Recommendation [Doc. #24] is **ADOPTED** as this Court's Memorandum and Order. Further, it is

**ORDERED** that Rangel's Motion for Summary Judgment [Doc. #17] is **DENIED**. It is further

**ORDERED** that the Commissioner's Motion for Summary Judgment [Doc. #19], is **GRANTED**. It is finally

**ORDERED** that this matter is **DISMISSED WITH PREJUDICE**.

SIGNED at Houston, Texas, on this the 14th day of SEPTEMBER, 2009.

KENNETH M. HOYT
UNITED STATES DISTRICT JUDGE

---

[1] The district court must make a "*de novo* determination of the objections" raised by the parties. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). "It is reasonable to place upon the parties the duty to pinpoint those portions of the magistrate's report that the district court must specifically consider." *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982), *overruled on other grounds by Douglass v. United States Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Id.* at 410 n.8; *accord United States v. Carrillo-Morales*, 27 F.3d 1054, 1061 (5th Cir. 1994), *cert. denied*, 513 U.S. 1178 (1995).